Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ENOLA CONTRACTING
SERVICES, INC.,

       Plaintiff,

vs.                                                        CASE NO.  5:08cv2-RS-EMT

URS GROUP, INC.,

       Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before me is Defendant's Motion to Dismiss Counts II, III, and IV of the Complaint (Doc. 11).

## I.  Background

Defendant URS Group, Inc., hired Plaintiff Enola Contracting Services, Inc., under a subcontract to renovate and repair Kessler Air Force Base Hospital in Biloxi, Mississippi.  The hospital had been damaged by Hurricane Katrina.  Plaintiff contends that it has performed its obligations under the agreement but that Defendant has failed to compensate it in an amount in excess of $1.8 million.  The four-count Complaint (Doc. 1-2) asserts claims for breach of contract; unjust enrichment; breach of the duty of good faith and fair dealing; and deprivation of

civil rights under 42 U.S.C. § 1981[1].

Defendant has filed a motion to dismiss the claims for unjust enrichment; breach of the duty of good faith and fair dealing; and deprivation of civil rights under 42 U.S.C. § 1981.  On February 13, 2008, I entered an order deferring a ruling on the motion because the motion failed to contain a statement certifying that defense counsel had conferred with plaintiff's counsel in a good faith effort to resolve by agreement the issues raised in the motion or had attempted to so confer but, for good cause stated, was unsuccessful (Doc. 19).  *See* N.D. Fla. Loc. R. 7.1(B).

On February 20, 2008, Defendant filed a notice of compliance with Local Rule 7.1(B) (Doc. 24).  Based on Defendant's representation in the notice, the parties have stipulated that:

(1) the claim for unjust enrichment asserted in Count II is pled in the alternative to the claim for breach of contract asserted in Count I and that Defendant will answer Count II as it is currently pled, and

(2) Plaintiff will amend the claim for breach of duty of good faith and fair dealing asserted in Count III.

The parties were unable to reach agreement on the claim for deprivation of civil rights under § 1981 that is asserted in Count IV.  Accordingly, the sole issue properly before me is whether the § 1981 fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

---

[1]Plaintiff avers that it qualifies as a Disadvantaged Business Enterprise under Fla. Stat. § 337.139 and 49 C.F.R. § 26.5 based, in part, on race (Native American).

## II.  Analysis

### A.  12(b)(6) Motion to Dismiss Standard

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations in the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-66 (U.S. 2007) (citations omitted).  A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.* at 1966, n.5.

While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.  *Id.* at 1964-65 (citations omitted).

### B.  Section 1981

42 U.S.C. § 1981 prohibits only intentional, purposeful discrimination.

*General Building Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, 73 L. Ed. 2d 835, 3150, 102 S. Ct. 3141 (1982). To state a claim under § 1981, a plaintiff must set forth facts establishing that: (1) it is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.  *Rustein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228, 1235 (11th Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, a claim alleging discrimination under § 1981 must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent."  *Yusuf v. Vassar College*, 827 F. Supp. 952 (S.D.N.Y. 1993), *aff'd*, 35 F.3d 709, 713 (2d Cir. 1994).  "A complaint consisting of nothing more than naked assertions and setting forth no facts upon which a court could find a violation of Section 1981 fails to state a claim under Rule 12(b)(6)."  *State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

### C.  Sufficiency of Count IV (Section 1981 Claim)

Here, assuming that all factual allegations in the Complaint are true, Plaintiff has failed to set forth sufficient facts establishing that Defendant intended to discriminate against Plaintiff on the basis of race.  Plaintiff contends that it was discriminated against because Defendant paid its non-minority subcontractors and not Plaintiff.  However, this sole allegation is a bald, conclusory assertion that does not "suggest" a "plausible inference" of intentional discrimination.

When the factual allegations in the Complaint are considered in their totality, the assertion of discrimination is undermined.  The Complaint alleges that

(1) Defendant hired Plaintiff, and (2) Defendant tendered partial payment to Plaintiff.  While it is true that one may voluntarily enter into a business relationship with a minority corporation and then tender partial, rather than full, payment to it on the basis of discriminatory animus, Plaintiff has failed to set forth facts sufficient to support such an inference.  Defendant's willingness to hire a minority corporation and then tender partial payment to it suggest that the parties are engaged in a simple contract dispute over the nature or quality of services performed by Plaintiff.  In short, Plaintiff has failed to adequately distinguish its § 1981 claim from a claim for breach of contract.

Accordingly, the claim for deprivation of civil rights under §1981 asserted in Count IV must be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Because Plaintiff could potentially state a viable claim under § 1981, dismissal is without prejudice and leave to amend that count is granted.

### III.  Conclusion

Defendant's Motion to Dismiss Counts II, III, and IV of the Complaint (Doc. 11) is **granted in part and denied in part** as follows:

    1.  Defendant's request for dismissal of the claim for unjust enrichment asserted in Count II is **denied**, pursuant to stipulation of the parties.

    2.  The claim for breach of duty of good faith and fair dealing asserted in Count III is **dismissed without prejudice**, pursuant to stipulation of the parties.

    3.  The civil rights claim asserted in Count IV and arising under § 1981 is **dismissed without prejudice**, pursuant to this order.

    4.  Not later than **March 5, 2008**, Plaintiff shall, if it chooses, file an

amended complaint for each claim that has been dismissed without prejudice.

**ORDERED** on February 21, 2008.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**