IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ENOLA CONTRACTING
SERVICES, INC.,

      Plaintiff,

vs.                                      CASE NO.  5:08cv2-RS-EMT

URS GROUP, INC.,

      Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT III

    Before me is Defendant's Motion to Dismiss Count III of the Amended Complaint (Doc. 34).  Defendant requests dismissal of the claim for breach of the implied duty of good faith and fair dealing asserted in Count III on the ground that the claim fails to state a claim for relief upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Plaintiff has filed a response in opposition to the motion (Doc. 36).

### I.  Background

    Defendant URS Group, Inc., hired Plaintiff Enola Contracting Services, Inc., under a subcontract to renovate and repair Kessler Air Force Base Hospital in Biloxi, Mississippi.  The hospital had been damaged by Hurricane Katrina.  Plaintiff contends that it has performed its obligations under the agreement but that Defendant has failed to compensate it in an amount in excess of $1.8 million.  The

four-count initial complaint (Doc. 1-2) asserted claims for breach of contract (Count I); unjust enrichment (Count II); breach of the duty of good faith and fair dealing (Count III); and deprivation of civil rights under 42 U.S.C. § 1981 (Count IV)[1].

On January 29, 2008, Defendant filed a motion to dismiss the claims for unjust enrichment; breach of the duty of good faith and fair dealing; and deprivation of civil rights under 42 U.S.C. § 1981 (Doc. 11). On February 13, 2008, I entered an order deferring a ruling on the motion because the motion failed to contain a statement certifying that defense counsel had conferred with plaintiff's counsel in a good faith effort to resolve by agreement the issues raised in the motion or had attempted to so confer but, for good cause stated, was unsuccessful (Doc. 19). *See* N.D. Fla. Loc. R. 7.1(B).

On February 20, 2008, Defendant filed a notice of compliance with Local Rule 7.1(B) (Doc. 24). Based on Defendant's statements in the notice, the parties stipulated that:

(1) the claim for unjust enrichment was pled in the alternative to the claim for breach of contract and that Defendant would answer the claim for unjust enrichment;

(2) Plaintiff would amend the claim for breach of the duty of good faith and fair dealing; and

(3) the parties could not reach agreement on the claim for deprivation of civil rights under § 1981.

---

[1] Plaintiff averred that it qualifies as a Disadvantaged Business Enterprise under Fla. Stat. § 337.139 and 49 C.F.R. § 26.5 based, in part, on race (Native American).

Pursuant to the parties' stipulations, I denied Defendant's request for dismissal of the claim for unjust enrichment and granted Defendant's request for dismissal of the claim for breach of duty of good faith and fair dealing, dismissing that claim without prejudice (Doc. 25).  In addition, I dismissed the civil rights claim arising under § 1981 without prejudice, after finding that the claim failed to state a claim upon which relief could be granted.  As to the claims that were dismissed without prejudice (breach of the duty of good faith and fair dealing and civil rights under § 1981), I granted Plaintiff leave to amend the complaint.

On March 5, 2008, Plaintiff filed an Amended Complaint (Doc. 26).  The Amended Complaint asserts claims for breach of contract (Count I); unjust enrichment (Count II); and breach of the duty of good faith and fair dealing (Doc. III)[2].  Jurisdiction is based on diversity.[3]

The pending motion requests dismissal of the claim for breach of the duty of good faith and fair dealing (Count III) under Fed. R. Civ. P. 12(b)(6).  Defendant contends that Count III fails to state a valid claim because Florida law does not recognize an independent cause of action for breach of the duty of good faith and

---

[2]Plaintiff did not re-assert the civil rights claim under § 1981 in the amended complaint.

[3]The Amended Complaint incorrectly alleges that federal jurisdiction is based on Article V, Section 5, of the Florida Constitution, and Fla. Stat. §§ 26.012 & 48.193.  Pursuant to the dismissal without prejudice of the federal question claim arising under § 1981 and Plaintiff's failure to re-assert that claim in the amended complaint, the sole remaining basis for federal jurisdiction is diversity jurisdiction.  Per the initial complaint, complete diversity of citizenship exists between the parties because Plaintiff is a citizen of Florida; Defendant is a citizen of Texas and Delaware.  Therefore, I will assume that subject matter jurisdiction is proper on the basis of diversity.  If either party disputes that assumption, it shall promptly notify this Court.

fair dealing.  Defendant also avers that the facts underlying the claim for breach of the duty of good faith and fair dealing are identical to those underlying the claim for breach of contract, rendering the claims impermissibly redundant.

Although vaguely worded, Count III of the amended complaint, when construed in conjunction with Plaintiff's response to the motion, appears to allege that Defendant breached the implied covenant of good faith and fair dealing by:

(1) failing to pay Plaintiff for work performed, despite Plaintiff's compliance with the terms of the subcontract agreement and work orders;

(2) excusing or waiving Plaintiff's compliance with express contract terms that were preconditions to payment, but then later justifying its failure to pay Plaintiff on the ground that had Plaintiff failed to comply with those same terms; and

(3) relying on unspecified ambiguities about the type, quality, or timing of the professional services provided by Plaintiff and the parties' obligations as to payment to justify the withholding of payment.

Plaintiff contends that Defendant's conduct unfairly frustrated the purposes of the subcontract and work orders, depriving Plaintiff of the benefits of the bargain and causing it to incur damages when it performed work for which it was not compensated.

## II.  Analysis

The sole issue is whether the claim for breach of the implied duty of good faith and fair dealing asserted in Count III fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### A.  12(b)(6) Motion to Dismiss Standard

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations in the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (U.S. 2007) (citations omitted).  A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.* at 1966, n.5.

To withstand a motion to dismiss, a complaint need not plead specific facts; the complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (U.S. 2007) (*citing Twombly*, 127 S. Ct. at 1964, 167 L. Ed. 2d at 940; *quoting*

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 127 S. Ct. at 1964-65 (citations omitted).

## B. Implied Covenant of Good Faith and Fair Dealing

Under Florida law, a covenant of good faith and fair dealing is implied in every contract. *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1291 (11th Cir. 2001); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999), *cert. denied*, 528 U.S. 948, 145 L. Ed. 2d 287, 120 S. Ct. 370 (1999); *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1318 (M.D. Fla. 2000); *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1437-38 (S.D. Fla. 1996); *County of Brevard v. Miorelli Eng'g, Inc.*, 703 So.2d 1049, 1050 (Fla. 1997); *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001). Its purpose is to protect "the reasonable expectations of the contracting parties in light of their express agreement." *Barnes*, 932 F. Supp. at 1438.

However, the rights conferred by the implied covenant of good faith and fair dealing are unequivocally limited. *Weaver*, 169 F.3d at 1316. The covenant "is not an abstract and independent term of a contract." *Bernstein v. True*, 636 So. 2d 1364 (Fla. 4th DCA 1994). A cause of action based on the covenant cannot be maintained: (1) in the absence of breach of an express term of the contract; (2) to override or vary the terms of the contract; or (3) where the allegations underlying the claim for breach of the implied covenant are duplicative of those which support the claim for breach of contract. *Burger King Corp.*, 169 F.3d at 1318; *Dennis v. The Northwestern Mutual Life Ins. Co.*, 2006 U.S. Dist. LEXIS 19578 at *17

(M.D. Fla. April 14, 2006); *Lim*, 133 F. Supp. 2d at 1318-19; *Barnes*, 932 F. Supp. at 1437-38; *Hosp. Corp.,* 710 So. 2d at 575; *City of Riviera Beach v. John's Towing*, 691 So. 2d 519, 521 (Fla. 4th DCA 1997).

The covenant is, instead, an "interpreting, gap-filling tool." *Lim,* 133 F. Supp. 2d at 1318 (citations omitted). It determines when a party, although not breaching the terms of the contract in a technical sense, may no longer pursue its own self-interest at the other party's expense. *Id*. "That situation ordinarily arises when: (1) the contract is ambiguous about the permissibility of conduct, or (2) when the conduct is undertaken pursuant to a grant of discretion and the scope of that discretion has not been designated." *Id.* (*citing Indian Harbor Citrus, Inc. v. Poppell*, 658 So.2d 605, 606 (Fla. 4th DCA 1995). When, however, the propriety of the conduct is resolved by the express terms of the contract, no gap-filler is needed and the covenant does not apply. *Lim*, 133 F. Supp. 2d at 1318. *See also Hosp. Corp. of Am. v. Florida Med. Ctr.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998) ( "Other than to resolve ambiguity or to assure that a change in the law did not make it impossible for the parties to reap the anticipated benefits of their bargain, courts do not utilize [the covenant] to alter or add to negotiated obligations defined in contracts."); *Ernie Haire Ford, Inc.*, 260 F.3d at 1290-91 (citations omitted) ("[I]t is well settled that 'when the terms of a voluntary contract are clear and unambiguous, . . . the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties.'")

A claimant asserting a cause of action for breach of the implied covenant of good faith and fair dealing must allege:

> a failure or refusal to discharge contractual responsibilities,

>> prompted not by an honest mistake, bad judgment or negligence; but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party[,] thereby depriving that party of the benefits of the agreement.

*Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*, 329 F. Supp. 2d at 1313 (S.D. Fla. 2004) (*quoting Lim*, 133 F. Supp. 2d at 1319; *citing Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999)).

## C. Sufficiency of Count III

Although vaguely worded, Count III of the amended complaint, when construed in conjunction with Plaintiff's response and in the light most favorable to Plaintiff, appears to allege that Defendant breached the implied covenant of good faith and fair dealing by:

(1) failing to pay Plaintiff for work performed, despite Plaintiff's compliance with the terms of the subcontract agreement and work orders;

(2) excusing or waiving Plaintiff's compliance with express contract terms that were preconditions to payment, but then later justifying its failure to pay Plaintiff on the ground that Plaintiff had failed to comply with those same terms; and

(3) relying on unspecified ambiguities about the type, quality, or timing of the professional services provided by Plaintiff and the parties' obligations as to payment to justify the withholding of payment.

Plaintiff contends that Defendant's conduct unfairly frustrated the purposes of the subcontract and work orders, depriving Plaintiff of the benefits of the bargain, and

causing it to incur damages when it performed work for which it was not compensated.

### 1. First Allegation: Defendant's Failure to Pay Despite Plaintiff's Compliance with Contract

The first allegation fails to state a claim for breach of the implied duty of good faith and fair dealing. The allegation that Plaintiff complied with the express terms of the subcontract and work orders but that Defendant nevertheless refused to pay Plaintiff amounts due is clearly a claim for breach of the unambiguous, express terms of the contract. If, as Plaintiff alleges, it complied with the terms of the subcontract and work orders but was not compensated, it is unnecessary and indeed, superfluous, to assert a separate claim for breach of the implied covenant of good faith and fair dealing. The allegations underlying the claim for breach of the implied covenant are impermissibly duplicative of the companion cause of action alleging breach of contract. *Dennis v. The Northwestern Mutual Life Ins. Co.*, 2006 U.S. Dist. LEXIS 19578 at *17 (M.D. Fla. April 14, 2006) (*citing Lim*, 133 F. Supp. 2d at 1319) ("Plaintiff must assert allegations different than those underlying the accompanying breach of contract claim."). Therefore, the first allegation fails to state a claim for breach of the implied covenant.

### 2. Second Allegation: Excuse or Waiver

Plaintiff next contends that Defendant excused or waived Plaintiff's compliance with express terms of the contract that were preconditions to payment, but then later justified its failure to pay Plaintiff on the ground that Plaintiff had failed to comply with those same terms. As an initial observation, I note that the

allegation is inconsistent with Plaintiff's first allegation that it fully or substantially complied with all contract terms. To the extent that the allegation is pled in the alternative, the allegation is again impermissibly duplicative of the companion claim for breach of contract.

The contention that Defendant excused Plaintiff from having to comply with the conditions precedent to payment is simply the reverse argument of the first. In the first allegation, Plaintiff asserted that it fulfilled all conditions precedent to payment but was not paid; in this second allegation, Plaintiff avers that it was not required to fulfill the conditions precedent to payment because they were waived. Either way, the allegations underlying the claim for breach of the implied covenant are substantively identical to the allegations which support the claim for breach of contract. In both cases, Plaintiff's single grievance is that Defendant has failed to compensate it for work allegedly performed.

The amended complaint cursorily references two specific provisions of the subcontract, an apparent attempt to satisfy the requirement that a claim for breach of the implied covenant be anchored in express contract terms.[4] Plaintiff,

---

[4]Paragraph 27 of the amended complaint states that:

> During [Plaintiffs's] performance under the Subcontract and the Work Orders, [Defendant] ordered [Plaintiff] to perform certain work, and to re-perform certain work, and to otherwise provide services without the necessity of following provisions under the Subcontract such as paragraph 54. <u>Changes and Increase or Decrease of Work</u>, and such as paragraph 55. <u>Additional Compensation</u>, among others. [Defendant] ordered [Plaintiff] to expedite work, expedite the delivery of materials, and to perform work so that non [Defendant] governmental inspections could be made, all to be done for the benefit of [Defendant]

however, has set forth no facts establishing that the specific contractual provisions it has referenced contain ambiguities or gaps; permit discretionary performance without having designated the scope of that discretion; or that Defendant has exploited the alleged ambiguities to engage in unfettered conduct that frustrated the overall purpose of the agreement and Plaintiff's reasonable expectations. In short, Plaintiff has not alleged that its dispute with Defendant cannot be resolved by the terms of the agreement. If, as Plaintiff alleges, Defendant ordered it to perform expedited work under the subcontract and work orders and waived Plaintiff's compliance with various conditions precedent to payment, Plaintiff's claim for breach of contract should permit Plaintiff to recover the compensation owed. Therefore, the second allegation also fails to state a claim for breach of the implied covenant of good faith and fair dealing.

### 3. Third Allegation: Unspecified Contractual Ambiguities

The final allegation also fails to state a claim. The allegation, set forth in paragraph 28 of the amended complaint, states that:

> [t]o the extent the Subcontract and Work Orders contained any ambiguity with respect to the type, quality, or timing of the professional services to be provided thereunder or with respect to the parties' obligations as to payments, [Defendant's] actions constitute a breach of the implied duty of good faith and fair dealing.

(Doc. 26:7 at ¶ 28.)

---

and now to the detriment of [Plaintiff].

Plaintiff does not directly allege that any particular term of the subcontract or work orders is ambiguous.  Instead, Plaintiff halfheartedly prefaces the allegation of ambiguity with the speculative phrase "to the extent."  Nowhere in the amended complaint does Plaintiff reference any specific ambiguity in the controlling documents, despite the ease in which Plaintiff may have done so:  the subcontract and work agreements were attached as exhibits to the initial complaint and were incorporated by reference into the amended complaint.  (Am. Comp., Doc. 26:2-3 at ¶¶ 5-6.)  Nor is any such ambiguity readily discernable from the subcontract and work agreements themselves.  Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.") Plaintiff does not allege that the ambiguity is the type of ambiguity relating to the scope of discretion that would implicate the duty of good faith and fair dealing.  Instead, the word "ambiguity" appears to have been capriciously incorporated into the complaint for the purpose of stating a claim that resembles a valid claim for breach of the implied duty of good faith and fair dealing.

The conclusory, unsupported, single allegation of ambiguity fails to contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-66 (U.S. 2007) (citations omitted).  The speculative allegation that contract terms "might" be ambiguous, in conjunction with the lack of factual allegations supporting the purportedly ambiguous terms, constitute bald assertions that fail to traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.* at 1966, n.5.  Plaintiff has impermissibly entered the realm of labels and conclusions, formulas, and elements.

While it is true that a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 1964-65 (citations omitted).

Simply stated, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is indistinguishable from its claim for breach of contract. In each, Plaintiff contends that it was not compensated for work performed, in breach of the subcontract and work orders. Plaintiff has not pled a basis for recovery other than ordinary contract damages. Therefore, Count III is wholly subsumed within the claim for breach of contract. Because Plaintiff has already amended Count III once, and because granting Plaintiff leave to amend Count III would be futile inasmuch as the claim is subsumed within the claim for breach of contract, dismissal of Count III with prejudice is justified. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001), cited in *McKinney v. Orange County*, 2007 U.S. Dist. LEXIS 52604 (M.D. Fla. July 20, 2007) (identifying situations in which dismissal with prejudice is appropriate); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n. 6 (11th Cir. 1996) (discussing the inherent authority of the district court to narrow the issues in a case); *Marx v. Gumbinner*, 855 F.2d 783, 792 (11th Cir. 1988) (noting that district courts may invoke their inherent power to narrow the issues for trial).

## Conclusion

1.  Defendant's Motion to Dismiss Count III of the Amended Complaint (Doc. 34) is **GRANTED**.

2.  Count III of the Amended Complaint (Doc. 26) is **DISMISSED WITH PREJUDICE**.

**ORDERED** on April 23, 2008.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**